**W. A. BAUM CO., Inc., v. BECTON, DICKINSON & CO., Inc.**

No. 6668.

Circuit Court of Appeals, Third Circuit.

Jan. 21, 1939.

Wilfred B. Wolcott, of Camden, N. J. (Willis H. Taylor, Jr., of New York City, of counsel), for appellant.

Briesen & Schrenk, of New York City (Hans v. Briesen, of New York City, of counsel), for appellee.

Before BIGGS, CLARK, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this patent case plaintiff, the owner of patent No. 1,821,902, granted September 1, 1931, to William A. Baum for "Manometer", charged defendant with infringement thereof. On final hearing the trial Judge held the patent did not involve invention. From a decree dismissing the bill plaintiff took this appeal.

After argument and full consideration, we find ourselves in accord with the court below. The detailed and satisfactory reasoning of the court's opinion leaves nothing further to be said, and an opinion by this court would be but a studied effort to clothe in different language what has been stated in the trial court's opinion.

No principle or precedent is involved and the case turns on the simple question of invention. The apparatus in question is for the determination of blood pressure and by reference to the trial court's opinion, reported in D. C., 20 F.Supp. 707, needless repetition is avoided. The gist of the case is fully and accurately stated— and we agree therewith—in the court's opinion [page 712]:

"In the light of the knowledge of these prior instruments, the claims of the plaintiff for the spring cap, the means for permitting ingress and egress of air in and out of the measuring tube, the cork washers interposed at the top and bottom of the

measuring tube, the annular celluloid bands at the top and bottom of the measuring tube, the method of calibration, the cork obstruction utilized as a means to prevent the free movement of the mercury into the measuring tube during shipment or carriage, the standard reservoir, and the means by which the groove in the measuring scale partially encircles the measuring tube, and the combination of the box for carrying the instrument are the mere exercise of the skill of the calling or an advance plainly indicated by the prior art.

"Long experience with these devices and industry in the desire to market its product to the best advantage led it to enhance its appearance so as to make it more attractive to handle. It exploited the removability of the measuring tube. It made its apparatus compact. It made it less easy to break and more convenient to use. It developed it on the æsthetic side so that is was better to look upon. But it did nothing to improve the end result, namely, the measuring of blood pressure, by anything that can be termed inventive genius."

Accordingly, the decree of the court below is affirmed on its opinion.